INVESTORS SYNDICATE, Plaintiff, v. HIRNING et al, Defendants.

(167 N. W. 141.)

(File No. 4352.   Opinion filed March 26, 1918.)

1.   State Securities Commission—Certiorari—Assumption of Authority to License Investment Company, Effect, re Statute Governing Building Association.

In a certiorari proceeding to review action of State Securities Commission in making an order requiring, as conditional precedent to plaintiff's continuance in business as an investment company, **held**, that by assuming authority to grant such permit if securities are deposited, the Commission conceded that plaintiff's business does not bring it within provisions of

Laws 1915, Ch. 108, regulatory of building and loan associations and savings associations.

**2. State Securities Commission—Jurisdiction to Require Deposits as Condition to Granting Business Permit to Investment Company—Statute.**

The State Securities Commission is without jurisdiction to require deposit of securities as a condition precedent to granting to a concern whose business is substantially that of an investment company, a permit to do business within this state; construing Laws 1915, Ch. 275, conferring upon State Securities Commission authority to examine statements and documents filed in its office by any investment company, etc., and to disapprove of the sale of its proposed stocks, etc.

McCoy, J., and Smith, J., concurring specially.

Original proceeding in certiorari, in Supreme Court, by Investors Syndicate, a foreign corporation, against John Hirning, Clarence C. Caldwell, and W. N. Van Camp, constituting the State Securities Commission of the State of South Dakota, and L. W. Henderson, as secretary of said Commission, for review of an order requiring, as a condition precedent to plaintiff's being allowed to continue in business in this state, a deposit of certain securities with said Commission, and of an order of said Commission cancelling and setting aside plaintiff's permit to do business.   Orders annulled.

*Gardner & Churchill,* for Plaintiff.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for Defendants.

WHITING, P. J.   This is a certiorari proceeding brought to review certain action of the state securities commission, hereinafter designated "commission."   From the return it appears that the Investors' Syndicate, plaintiff herein, has been doing business in this state for several years under a permit granted to it by the commission in the year 1914; that the commission, being of the opinion that the plaintiff's business was such as to bring it under the provisions of chapter 108, Laws 1915, and therefore under the supervision of the state public examiner instead of the commission, served upon said plaintiff an order to show cause why the license theretofore issued by the commission should not be canceled; that, upon the hearing on such order to show cause, the commission did not revoke plaintiff's license, but, retaining jurisdiction over the plaintiff, the commission did on November

22, 1917, make an order requiring, as a condition precedent to plaintiff's being allowed to continue doing business in this state, that it deposit certain securities with the said commission; that plaintiff failed to deposit the securities as ordered; and that the commission, on February 6, 1918, issued an order canceling, vacating, and setting aside the said permit above mentioned.

[1, 2]   It is apparent that, by assuming to have authority to grant such permit if securities are deposited, the commission concedes that plaintiff's business is not such as to bring it under the provisions of chapter 108, Laws 1915. Furthermore, that the commission was in error in ever supposing that plaintiff was not under its jurisdiction was conceded upon argument. Thus the sole question presented to us is whether the commission has jurisdiction, under chapter 275, Laws 1915, to require the deposit of securities as a condition precedent to granting to an applicant a permit to do business within this state. The commission has failed to point out any provision of such law giving them any such authority, and it is clear that it is wholly without such authority.

The orders of such commission herein referred to, one of November 22, 1917, the other of February 6, 1918, are hereby in all things annulled, vacated, and set aside.

McCOY and SMITH, JJ. (concurring specially).   We are of the view that the opinion as written by Presiding Justice WHITING wholly omits to consider or pass on the facts presented by the record and the return of the defendants. We can only concur in the result on the grounds hereinafter stated. It must be observed that defendants are here resisting the proceedings of plaintiff to have the order of February 6, 1918, annulled. Such resistance is based on the return made and filed as a part of the record of this case. It becomes very material to a consideration of this case to know on what alleged grounds the order was made. The return of defendants shows beyond any doubt that this order canceling plaintiff's permit was based on plaintiff's failure to deposit security under the provisions of chapter 108, Laws of 1915, relating to building and loan and savings associations. If there was any sufficient or lawful ground for cancelling plaintiff's permit to transact business in this state, the order should stand; otherwise not.

The plaintiff is a foreign corporation, organized and existing since the year 1894 under and by virtue of the laws of the state of Minnesota, for the purpose of buying, selling, dealing in any and all classes of bonds, securities, stocks and mortgages, notes, obligations, tax certificates, choses in action, and in all other kinds of personal property, in buying and selling the same for other persons, and in issuing notes, certificates and other obligations and evidences of debt. As a part of its business the plaintiff issues contracts denominated "installment savings certificates," in substance providing that in consideration of the payment of a certain sum, annually in advance, during the period of ten years from date thereof, the plaintiff would pay to the person named or the recorded owner thereof, at the expiration of said period, a certain stated sum. Said contract contained a provision for the payment of interest in case of full payment of all installments before maturity thereof; also contained surrender and loan value provisions; further provided that in case of the death of the owner thereof his legal representatives might have the option of paying the installments or of receiving a paid-up certificate, provided a method for reinstatement after default. None of the holders of such contracts participate directly or indirectly and have no interest in the earnings of plaintiff and have no right to, and cannot, participate in the management of plaintiff corporation, and are not stockholders thereof.

We are of the opinion that plaintiff is neither a building and loan association nor a savings association within the meaning of chapter 108. In all its essential characteristics and nature, what is called by plaintiff its "installment savings certificate" differs but little, if any, from the ordinary tontine insurance contract or policy issued by many life insurance companies, and while said certificates issued by plaintiff, as well as the ordinary tontine insurance policy contract, have certain savings features and aspects in connection with them, still that fact would not necessarily constitute the corporation that issued either of them a savings association, as distinguished from a corporation whose object and purpose was the mutual savings benefits that might accrue to the stockholders or members of the association itself, instead of to others who had no connection with the corporation as members or stockholders thereof. We are of the view that plaintiff

is just what its name and purposes indicate, viz an investment corporation, and that said investment savings certificates issued by it are investment contracts within the meaning of the provisions of chapter 275, Laws of 1915, § 2, which provide that every person, corporation, copartnership, company or association, organized or which shall hereafter be organized in this state, which shall either by himself or itself, or by or through others, engage in the business of selling or negotiating for sale of any stocks, bonds, investment contracts or other securities issued by him or it, within the state of South Dakota, shall be known, for the purposes of this act, as a domestic investment company, and that every person, corporation, or association resident of or organized in any other state shall be known for the purposes of this act as a foreign investment company. We are of the opinion that plaintiff is a foreign investment company under the provisions of this last-mentioned act. This last-mentioned act provides that before transacting any business within this state every such foreign investment company must make and file application with the state securities commission to be permitted to sell its stocks, bonds, investment contracts, or other securities within this state, and that such foreign investment company shall file certain documents with and give to said commission such other information as may be required by it concerning said business, and that said commission itself may investigate and ascertain facts relevant to such foreign investment company's business; and, if said commission finds that the plans, and proposed plans, of business of said investment company, or that its proposed contracts, stocks, bonds, investment contracts, or other securities, are fraudulent, or are of such a nature that the sale thereof would in the opinion of said commission work a fraud upon the purchaser thereof, then said commission shall disapprove said application, and refuse a permit to said foreign investment company to transact business within this state; but, if said commission should not find said proposed plan of business of such investment company to be fraudulent, then it shall approve of such business and issue to such foreign investment company a certificate authorizing and permitting it to transact such business within this state.

From the record it appears that plaintiff had transacted business within this state prior to the enactment of said chap er 275,

under and by virtue of other laws then in force, and had been granted a permit to so transact such business. So far as applicable to the issues of this case, the only authority or cause or ground for canceling a permit, and refusing to grant a new permit, under chapter 275, would be a finding by the securities commission that the business proposed to be transacted by the foreign investment company was fraudulent or of such a nature that the transaction of such proposed business would, in the opinion of said commission, work a fraud upon those who might deal with such investment company in the transaction of its said business. By the provisions of chapter 275 the securities commission has been invested with discretionary power to decide and form an opinion as to what business of such foreign investment companies is fraudulent and what is not; but this does not mean that such commission may arbitrarily find the business of any such corporation fraudulent without any justification or cause therefor. The decisions and orders of all like commissions must be based upon some reasonable and justifiable ground sufficient to warrant such order or decision. Courts will not intervene to disturb such orders and decisions unless the commissions have abused their statutory discretion by acting arbitrarily; that is, without any cause or justifiable reason therefor. In this case, so far as shown by the evidence, the plaintiff is transacting a perfectly legitimate and trustworthy business, and is perfectly solvent. We are therefore of the opinion that its permit to so transact such business should not have been canceled.